UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TONY L. ALLEN, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     v. | ) | No. 2:19-cv-00127-JMS-DLP |
| | ) | |
| CITY OF SULLIVAN, ET AL., | ) | |
| | ) | |
|     *Defendants*. | ) | |

**ORDER**

Plaintiff Tony Allen was injured in a motor vehicle accident in August 2016, and filed a Complaint in Interpleader in Sullivan Superior Court in August 2017. [Filing No. 1-1 at 2-4.] In his Complaint, Mr. Allen requested that the Sullivan Superior Court appropriately distribute a sum of money he had received from the insurer of the individual who caused the motor vehicle accident to multiple entities who had provided medical services to Mr. Allen—and to whom he owed payments relating to those medical services. [Filing No. 1-1 at 2-4.] Two of those entities were Indiana University Health, Inc. ("IU Health") and Indiana State District Council Welfare Fund (the "Fund").

On February 15, 2019, after the lawsuit had been pending for approximately one and one-half years, IU Health filed a Cross-Claim against the Fund alleging that the Fund "owed [Mr.] Allen a direct contractual duty to cover (pay) the expenses associated with . . . medical care provided to him by IU Health. . . ." [Filing No. 1-2 at 2.] On March 14, 2019, the Fund removed the matter to this Court, asserting that because the Fund is "a self-funded 'employee welfare benefit plan' as defined by 29 U.S.C.A. § 1002," and "is governed by the Employee Retirement

Income Security Act of 1974 ('ERISA')," removal of the entire action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 is appropriate.

As the Court noted in its previous Order to Show Cause, it is a general principle that a cross-claim defendant may not remove a case to federal court. *See* Filing No. 6 at 2 (citing *Fortuna v. Illinois Sports*, 668 F.Supp.2d 1080, 1083-84 (N.D. Ill. 2009) ("The majority of courts have agreed that a cross-defendant may not remove an action under Section 1441(c) based on a federal claim in a cross-complaint.")).  On March 18, 2019, the Court ordered the Fund to show cause why this matter should not be remanded to Sullivan Superior Court. [Filing No. 6 at 2.]  On April 1, 2019, the Fund filed a Motion to Withdraw Notice of Removal of Civil Action, Notice of Filing Notice of Removal of Civil Action and Appearance, [Filing No. 7.]  No other parties filed responses to the March 18, 2019 Order to Show Cause.

The Fund fashioned its motion as a "Motion to Withdraw Notice of Removal of Civil Action, Notice of Filing Notice of Removal of Civil Action and Appearance." However, the motion is more appropriately treated as a Motion to Remand, and the Court will consider it as such.  The Fund has not disputed the Court's position that this matter should be remanded to the Sullivan Superior Court, nor have any other parties in this action stated their positions on this issue.

For these reasons, the Court **GRANTS** the Fund's pending motion, [Filing No. 7], and concludes that it is appropriate for this matter to be remanded to the Sullivan Superior Court. The Court now **REMANDS** this action to the Sullivan Superior Court without deciding the merits of any parties' claims.

Date: 4/11/2019

*Hon. Jane Magnus-Stinson, Chief Judge*
*United States District Court*
*Southern District of Indiana*

**Distribution via ECF only to all counsel of record**

2